UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELDER TOLEDO RODRIGUES,

          Plaintiff,

  -v-

AMERICAN SECURITY INSURANCE
COMPANY, et al.,

          Defendants,

_____

1:17-cv-00337-MAT
**DECISION AND ORDER**

## INTRODUCTION

Before the Court is the Amended Complaint filed by *pro se* plaintiff Elder Rodrigues ("Rodrigues" or "Plaintiff"). Rodrigues seeks payment of insurance proceeds in connection with a fire that occurred at 558 Fargo Avenue, Buffalo, New York under a lender-placed policy issued by defendant American Security Insurance Company ("ASIC") to Plaintiff's mortgagee, defendant Green Tree Servicing LLC (collectively with defendant Ditech Financial LLC, "Ditech"). ASIC and Ditech have filed renewed Motions to Dismiss the Amended Complaint. For the reasons discussed below, ASIC's and Ditech's motions are granted, and the Amended Complaint is dismissed with prejudice.

## FACTUAL BACKGROUND

Rodrigues purchased a house at 558 Fargo Avenue in Buffalo, New York in 2006 and obtained a mortgage on June 29, 2006, in the amount of $52,500. Under the terms of the mortgage agreement, Rodrigues was obligated to obtain property insurance. The mortgage

1

agreement provided that if Rodrigues failed to obtain property insurance then the lender could choose to do so at his expense. (Dkt. No. 4-3 at 7-8.) Under those circumstances, any coverage that the lender purchased would cover the lender's interest without any guarantee that it would cover Rodrigues. The proceeds of the insurance policy would be used "to repair or restore the damaged property" unless it was not economically feasible to do so. The record reveals that Rodrigues failed to make mortgage payments beyond July 2007 and, at approximately the same time, stopped paying for property insurance. Plaintiff filed for personal bankruptcy in the Northern District of California on September 9, 2008 and received a Chapter 7 bankruptcy discharge. (Dkt. No. 21 at 5.) The Bankruptcy Court determined that Rodrigues' personal obligations to the Fargo Avenue house totaled $52,256.00.

The policy in effect issued by American Security Insurance Company controls the parties' interests in the provision that "if a mortgagee is named in this policy, any loss payable under the policy shall be paid to the mortgagee and you "property owner" as interests appear." (Dkt. Nos. 18-3 and 14.) Although Rodrigues was listed as a named insured, the policy contained time limitations as to when an action may be brought by any party under the terms of the policy to two years from the date of the loss.

## PROCEDURAL HISTORY

In an R&R dated November 22, 2017, Magistrate Judge Hugh B. Scott recommended that Defendants' motions to dismiss Plaintiff's Complaint seeking the insurance proceeds be granted. (Dkt. Nos. 4,

2

11.) In his well-reasoned, thorough R&R, Magistrate Judge Scott recognized that (1) the Complaint was time-barred under the ASIC policy's suit limitations clause, and (2) the Complaint failed to state a claim upon which relief can be granted. In particular, that the insurance proceeds under Section 5 of the policy would go to Ditech to pay down the amount of the mortgage if repair or restoration was not economically feasible. Since the City of Buffalo's decision to conduct an emergency demolition of the property, Ditech was left with no option but to receive the insurance proceeds of $40,000 to pay down the mortgage balance which is being held in escrow. With the limits of the policy paid out and no assets remaining at the demolition site of the Fargo Avenue property, Ditech cancelled any further coverage. (Dkt. No. 13 at 49.) Section 15 of the insurance policy controlled making payment "as interests appear" which gave Ditech an independent insurable interest as the mortgagee. Apart from that determination, the record reveals that Rodrigues did not comply with the insurance policy language requiring that litigation about coverage was to commence "within two years after the occurrence causing loss or damage." (Dkt. No. 11-13 at 10.) The fire which destroyed the Fargo Avenue property occurred on June 2, 2014. Rodrigues had until June 2, 2016 to commence litigation; instead he belatedly filed suit in State Court on February 22, 2017.

United States District Judge Lawrence J. Vilardo issued a Decision and Order on July 9, 2018, agreeing with the careful and thorough analysis in Judge Scott's R&R and finding that Plaintiff's

3

Objections and Reply did nothing more than raise generalized assertions about the merits of his Complaint and the leniency he deserves as a *pro se* litigant. In light of the Second Circuit's case law stating that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks and citation omitted), Judge Vilardo allowed Rodrigues until August 31, 2018, to file an amended complaint correcting the deficiencies noted by Judge Scott in his R&R. The permission to amend was without prejudice to Defendants filing renewed motions to dismiss.

Rodrigues timely filed his Amended Complaint. (Dkt. No. 37.) Ditech filed its Motion to Dismiss (Dkt. No. 38) and ASIC filed its Motion to Dismiss (Dkt. No. 39) on September 14, 2018. Rodrigues filed a Response in Opposition (Dkt. No. 42). ASIC filed a Reply (Dkt. No. 43, amended by Dkt. No. 44). Ditech filed a Reply (Dkt. No. 45).[1] The matter was transferred to the undersigned on May 15, 2019.

## F.R.C.P. 12(B)(6) STANDARD

Under Rule 12(b)(6), while a complaint need not include detailed factual allegations, a claim must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). It must

---

[1] On March 22, 2019, Ditech filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (Dkt. No. 46), indicating that it had commenced Chapter 11 bankruptcy proceedings in the Bankruptcy Court for the Southern District of New York.

4

describe the claim in sufficient detail to give each defendant notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

As Defendants argue, Rodrigues still has not managed to a plausible claim for relief. The Amended Complaint "merely cobbles together documents that were previously before this Court and found by the Court to fail to state a claim." (Dkt. No. 44, 5 of 11). Moreover, Rodrigues has not demonstrated that his claims are timely under the policy.

First, the Court finds that Rodrigues has failed to state a claim for breach of contract. Where, as here, the policy is issued to a mortgagee and mortgagor "as their interests may appear," then the mortgagee obtains a vested legal interest in the contract. *EverHome Mortg. Co. v. Charter Oak Fire Ins. Co.*, No. 07-CV-98 RRM RML, 2012 WL 868961, at *5 (E.D.N.Y. Mar. 14, 2012) (citing *McDowell v. St. Paul Fire & Mar. Ins. Co.*, 207 N.Y. 482, 485 (1913)). "The insurance is for the mortgagee's benefit to the

5

extent of the debt, and the mortgagee may recover from an insurer up to his secured interest." *Id.* (citing *Associates Commercial Corp. v. Nationwide Mut. Ins. Co.*, 748 N.Y.S.2d 792, 793 (2d Dep't 2002) (noting that insurer, once given notice of creditor's claim under a policy requiring payment to the insured and creditor "as their interests appeared," paid the insured "at its peril and assumed the hazard of resisting" creditor's claim) (further citations omitted)).

ASIC has shown that it properly remitted the insurance policy proceeds to Ditech in accordance with the policy's mortgage clause. Rodriguez does not dispute that the policy's mortgage clause compelled ASIC to pay the proceeds to Ditech, instead arguing that he is a "first party beneficiary entitled to proceeds in the policy" because "[d]efendants could not have obtained any insurance without [Plaintiff's] ownership interest," and which "ownership interest gives [Plaintiff] that right as a beneficiary." (Dkt. No. 42 at 3). Plaintiff cites no policy language or legal authority in support of his assertion that he is entitled to the proceeds of the policy. Rather, the policy explicitly requires ASIC to pay proceeds to Ditech and Plaintiff "as interests appear," i.e., first to Ditech up to the amount of the mortgage and then to Plaintiff. (Dkt. No. 11-13; citation omitted).

Plaintiff's suggestion that he is entitled to recovery for clean-up costs under the policy similarly fails to rebut ASIC's showing that he has failed to state a breach of contract claim because debris removal is included in the policy's limit of

6

liability applying to the damaged property. (Dkt. No. 42, p. 8 of 11 (citations omitted). Here, the amount of the mortgage exceeded the policy limit, ASIC complied with the terms of the policy, and Plaintiff has failed to state a claim for breach of contract.

Second, Plaintiff fails to state a plausible fraud claim. There are several grounds on which to dismiss the fraud claim, but most fundamentally, it is indistinguishable from his breach of contract claim. A cause of action for fraud fails where, as here, the claimed fraud relates to an alleged breach of contract. *E.g., Carle Place Union Free Sch. Dist. v. Bat-Jac Constr., Inc.*, 28 A.D.3d 596, 598-99 (2d Dept. 2006) ("A cause of action to recover damages for fraud does not lie when the only fraud charged relates to a breach of contract[.]") (citation omitted) Here, Plaintiff's fraud claim is premised on ASIC's purported failure to adhere to the terms of the policy; it does not allege that ASIC breached promises "extraneous" or "collateral" to the policy itself. *See, e.g., D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc.,* 873 F. Supp. 786, 796 (E.D.N.Y. 1995) (dismissing fraud claim because it "state[s] nothing more than breaches of promises of future performance that constitute the express terms of the contract, not promises collateral or extraneous to the contract").

Third, Rodrigues's conclusory allegations of violations of the New York Insurance Law ("N.Y. Ins. L.") fail to state a claim upon which relief can be granted. N.Y. Ins. L. § 2601 does not provide for a private right of action for violation of that statute.

*Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 614 (1994). Rodrigues likewise has no plausible claim under N.Y. Ins. L. § 3401 which provides that "[n]o contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured." Contrary to Rodrigues's contention, Ditech did have an insurable interest in the premises up to its secured interest which exceeded the policy limits. *See id.* ("In this article, 'insurable interest' shall include any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage.").

Finally, the Court rejects Rodrigues's request for permission to file another amended complaint. It is well settled that leave to amend may properly be denied for, among other things, "repeated failures to cure deficiencies" and the "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). Here, Rodrigues's Amended Complaint regurgitates, nearly verbatim, the original Complaint's defective allegations. After review of the extensive record, including the R&R and the parties' briefing, the Court is convinced there is simply no possibility that Rodrigues can state a viable, timely claim for relief. Accordingly, any amendment would be futile, and permission to amend further is denied.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by ASIC and the Motion to Dismiss filed by Ditech are **granted.** The Amended Complaint is **dismissed with prejudice**. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
May 21, 2019